Bruce Leichty, #132876
Law Offices of Bruce Leichty
220 W. Grand Ave.
Escondido, CA  92025
(760) 839-2200
(760) 294-9071 (fax)
leichty@sbcglobal.net
1826PTS.719

Attorney for MARIA TOTH, Plaintiff

IN THE UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of: | Case No. 09-09670-LA7 |
| ESMAEIL KAZEMI<br>FARZANEH HASSANI | Chapter 7 |
| Debtors. | |
| MARIA TOTH, | Adv. Pro. No. 09-90443-LA |
| Plaintiff, | PLAINTIFF'S PRETRIAL<br>SUBMISSION PURSUANT TO<br>LOCAL RULE 7016-12 |
| v. | |
| ESMAEIL KAZEMI,<br>FARZANEH HASSANI, | Date:  July 26, 2010<br>Time:  10:00 a.m.<br>Place: Dept. 2 |
| Defendants. | |

I.  BRIEF OF PLAINTIFF

This is a case of a couple who befriended, took advantage of and profited off of the life savings of a now-86-year-old immigrant to the United States recently bereft of her long-time husband, leaving her destitute and now barely able to pay her monthly bills. While most of the initiative for the fraud and elder abuse

1

1  depriving Plaintiff of over $347,000 came from the now criminally-
2  convicted Defendant Kazemi, a real estate agent who served as agent
3  and fiduciary for Plaintiff in the sale and purchase of two
4  residences, Defendant Hassani--the wife of Kazemi--herself became
5  implicated in the fraud at least by the time of the entreaties made
6  by her husband and by her to Plaintiff to take out a home equity
7  loan of more than $201,000 and make all of the equity available to
8  them, at which time detailed assurances of repayment were provided
9  and considerable pressure exerted on Plaintiff--which assurances
10 were subsequently dishonored under circumstances where it was clear
11 that Defendants had had no ability and no intent to repay at the
12 time of the "borrowing" and filed bankruptcy soon thereafter.

*Plaintiff submits that based on the facts stipulated to by Plaintiff Esmaeil Kazemi, and especially Fact No. 43 appearing in as part of Exhibit 1 to the Pretrial Order approved herein,* Plaintiff Maria Toth is entitled to judgment on her First, Second and Third Claims for Relief [nondischargeability of $347,705 total debt, consisting of $50,000 debt, $146,705 debt and $151,000 debt, under 11 U.S.C. Section 523(a)(2)], and for judgment declaring nondischargeability of the same debts under 11 U.S.C. Section 523(a)(4) on her Fourth, Fifth and Sixth Claims, and for judgment declaring nondischargeability of the same debts under 11 U.S.C. Section 523(a)(6) on her Seventh, Eighth and Ninth Claims, and finally for judgment declaring nondischargeability of an additional $20,000 debt under 11 U.S.C. Section 523(a)(4) and (a)(6) under Plaintiff's Fifth, Eighth and Ninth Claims, and *that the evidence at trial will also show* that Defendant Kazemi is not entitled to

discharge the amount he owes for the value of personal property of Plaintiff (including jewelry) appropriated by Kazemi in an amount *subject to proof by Plaintiff* under 11 U.S.C. Section 523(a)(2) pursuant to her Tenth Claim for Relief.

*Plaintiff submits that evidence at trial will also establish that* Farzaneh Hassani also incurred a debt of $151,000 to Plaintiff which is nondischargeable under 11 U.S.C. Section 523(a)(2), (4) or (6), and a debt of $50,000 which is nondischargeable under 11 U.S.C. Section 523(a)(2) or (a)(4), because of the fact that Plaintiff relied to her detriment on the false, fraudulent and abusive verbal promises and assurances made by Ms. Hassani, and/or endorsed by Ms. Hassani after those verbal promises and assurances were made by Mr. Kazemi, without which Plaintiff would not have felt forced to loan $201,000 to Hassani (and Kazemi) and would not have done so.

Plaintiff anticipates objecting to photographic evidence premarked by Defendants on (at least) the ground that it is irrelevant since all the photographic evidence depicts residences involved in the fraudulent conduct of Kazemi already admitted, including residences he renovated, and it is not relevant what renovations Kazemi performed or whether Kazemi assisted Plaintiff in moving, since Plaintiff concedes that Kazemi did renovate the subject residences and was entrusted with moving contents of her residence; or depending on the foundation laid by Defendants, Plaintiff will object to the evidence on the ground that it is more prejudicial than probative, and that it will confuse the issues. F.R.E. 401, 402 and 403 support Plaintiff's position.

Plaintiff does not know why Defendants are reserving the right to object to Plaintiff's exhibits, except that Defendant have remarked that there is no one who can lay the foundation for one or more exhibits (which Plaintiff disputes); Plaintiff cannot brief any issues with respect to those exhibits for lack of Defendants' specificity.

II. PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff's proposed findings of fact and conclusions of law are the same as the contentions set forth in the second and third paragraphs of Paragraph I above, except for italicized words which need to be either eliminated or replaced with specific facts proven at trial.

III. STATEMENTS REGARDING DEPOSITIONS OR INTERROGATORIES

No depositions were taken or interrogatories propounded.

IV. COPIES OF EXHIBITS

The parties have previously exchanged exhibits and/or waived exchange on the ground that they were already in possession of the premarked exhibits.

Dated:   July 19, 2011          /s/ Bruce Leichty
                                BRUCE LEICHTY, Attorney for
                                Maria Toth, Plaintiff

4